**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JILL OLMSTED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:18-cv-03095 |
| | ) | |
| THE ILLINOIS INSTITUTE OF ART – | ) | Honorable Judge John Z. Lee |
| SCHAUMBURG, INC., THE ILLINOIS | ) | |
| INSTITUTE OF ART – SCHAUMBURG, LLC, | ) | |
| EDUCATION MANAGEMENT LLC, and | ) | |
| DREAM CENTER EDUCATION | ) | |
| HOLDINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT THE ILLINOIS INSTITUTE OF ART AT SCHAUMBURG, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant The Illinois Institute of Art at Schaumburg, LLC ("IIAS, LLC" or "Defendant"), by and through its attorneys, hereby respectfully submit its Answer and Affirmative Defenses to Plaintiff, Jill Olmsted's ("Plaintiff") Complaint as follows:

**NATURE OF THE ACTION**

1. Ms. Olmsted brings this action against her former employer to recover damages for gender discrimination in violation of Title VII of the Civil Rights Act of 1991 ("Title VII") and for retaliatory discharge in violation of Illinois common law.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 1 of the Complaint contains Plaintiff's characterization of her lawsuit, request for relief, and legal conclusions to which no response is required. To the extent a response is required, Defendant IIAS, LLC denies each and every allegation as set forth therein.

2.     Ms. Olmsted alleges that she was terminated in violation of Illinois public policy because she complained (1) that certain male faculty members at IIAS (Mssrs. Ed Kerr, Kenan Caymaz, and John Salmen) were not qualified to teach their assigned coursework based on their lack of credentials required by IIAS INC's accrediting body, the Higher Learning Commission ("HLC") and (2) that IIAS INC was overcharging students who enrolled in "mid-quarter" classes by requiring the students to pay full price for the courses despite receiving fewer hours of in-class instruction than comparable courses that did not utilize the "mid-quarter" schedule.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 2 of the Complaint contains legal conclusions, allegations directed solely at other Defendant(s), and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the Illinois Institute of Art – Schaumburg, Inc. ("IIAS, Inc.") to form a belief as to the truthfulness of the allegations contained in Paragraph 2 of the Complaint and, therefore, denies all such allegations.

3.     Ms. Olmsted further alleges that her gender was a motivating factor in her discharge. Campus President, David Ray, treated similarly-situated male employees more favorably than Ms. Olmsted, and terminated Ms. Olmsted in response to her reports that male faculty members were not qualified to teach their courses; faculty members who were part of a "good ole boys club" that included Mr. Ray.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 3 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge

or information as to events occurring prior to its formation and acquisition of certain assets of IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 3 of the Complaint and, therefore, denies all such allegations.

## PARTIES

4.      Ms. Olmsted worked for IIAS INC, a for-profit university located in Schaumburg, Illinois, as the Dean of Academic Affairs from approximately July 2015 until her termination on January 27, 2016.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 4 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 4 of the Complaint and, therefore, denies all such allegations.

5.      EDMC owned IIAS INC during Ms. Olmsted's employment. EDMC also owned several other for-profit universities, including numerous locations of The Art Institute (such as IIAS INC).  EDMC is a Delaware Corporation headquartered in Pittsburgh, Pennsylvania.

**ANSWER:** Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to form a belief as to the truthfulness of the allegations contained in Paragraph 5 of the Complaint and, therefore, denies all such allegations.

6.      In or around January 2018, EDMC sold IIAS INC and the majority of its other schools to DCEH.

**ANSWER:** Defendant IIAS, LLC denies the allegations contained in Paragraph 6 of the Complaint.

7.     EDMC schools that were subject to the sale continued operations, but as not-for-profit universities owned and operated by DCEH.

**ANSWER:** Defendant IIAS, LLC denies the allegations contained in Paragraph 7 of the Complaint.

8.     DCEH operates out of corporate offices in Pittsburgh, Pennsylvania that were previously owned by EDMC.

**ANSWER:** Defendant IIAS, LLC denies the allegations contained in Paragraph 8 of the Complaint.

9.     On information and belief, there has been a continuity in workforce between EDMC and DCEH, similarity of jobs and working conditions, similarity of supervisory personnel, and similarity of products and services.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 9 of the Complaint contains legal conclusions and allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC denies the allegations contained in Paragraph 9 of the Complaint.

10.     In other words, there has been a substantial continuity between the business operations of EDMC and DCEH before and after the acquisition.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 10 of the Complaint contains legal conclusions and allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC denies the allegations contained in Paragraph 10 of the Complaint.

11.     On information and belief, the sale of IIAS INC to DCEH included all university property and operations.  Through the sale, DCEH took control of IIAS INC's campus, staff, student records (including those concerning academics and financial aid), and curriculum.

**ANSWER:** Defendant IIAS, LLC denies the allegations contained in Paragraph 11 of the Complaint.

12.     Since the acquisition, DCEH, through IIAS LLC, has continued university operations through use of IIAS INC's campus, equipment, curriculum, staff, and marketing materials, such as IIAS INC's website.

**ANSWER:** Defendant IIAS, LLC admits that is operates an institution of higher education in Schaumburg, Illinois. Defendant denies all remaining allegations contained in Paragraph 12 of the Complaint.

13.     There has been a continuity in workforce between IIAS INC and IIAS LLC, similarity of jobs and working conditions, similarity of supervisory personnel, and similarity of products and services.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 13 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant IIAS, LLC states that employs some of the same individuals previously employed by IIAS, Inc. and operates an institution of higher education in Schaumburg, Illinois. Defendant denies all remaining allegations contained in Paragraph 13 of the Complaint.

14.     In other words, there has been a substantial continuity between the business operations of IIAS INC and IIAS LLC before and after the acquisition.

FPDOCS 34126233.1

**ANSWER:** Defendant IIAS, LLC states that Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies all allegations contained in Paragraph 14 of the Complaint.

15. On information and belief, Mr. Ray, the decision-maker with respect to Ms. Olmsted's termination, continues to serve as Campus President of IIAS LLC, which is the same role he held at IIAS INC.

**ANSWER:** Defendant admits that IIAS, LLC presently employs David Ray as President of the Illinois Institute of Art at Schaumburg. Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of IIAS, Inc. to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 15 of the Complaint and, therefore, denies all such allegations.

16. On information and belief, Mssrs. Kerr, Caymaz, and Salmen all continue working as instructors at IIAS LCC.

**ANSWER:** Defendant admits that IIAS, LLC presently employs Mr. Caymaz as a full-time faculty instructor and Mr. Salmen as a part-time adjunct faculty instructor. Defendant denies that Mr. Kerr continues to work as an instructor at IIAS, LLC. Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of IIAS, Inc. to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 16 of the Complaint and, therefore, denies all such allegations.

17. DCEH knew or should have known about Ms. Olmsted's claims prior to its acquisition of IIAS INC. Ms. Olmsted alerted EDMC and IIAS INC to her claims in 2016, and this matter was pending in arbitration at the time DCEH acquired IIAS INC.

6

**ANSWER:** Defendant IIAS, LLC states that Paragraph 17 of the Complaint contains legal conclusions and allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies all such allegations.

18.     On information and belief, EDMC does not presently have the financial ability to pay the relief Ms. Olmsted seeks in this case.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 18 of the Complaint contains legal conclusions and allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies all such allegations.

19.     On information and belief, DCEH and IIAS LLC succeed EDMC and IIAS INC in this matter and are liable for any violations of the law that were perpetrated by the predecessor entities.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 19 of the Complaint contains legal conclusions, allegations directed solely at other Defendant(s), and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC denies that it succeeds Defendants EDMC or IIAS, Inc. in this matter and is liable for any actions undertaken by EDMC or IIAS, Inc..  Defendant IIAS, LLC further states that it lacks knowledge or information to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 19 of the Complaint and, therefore, denies all such allegations.

7

## JURISDICTION AND VENUE

20.    Mr. Ray terminated Ms. Olmsted from her employment at IIAS INC on January 27, 2016.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 20 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 20 of the Complaint and, therefore, denies all such allegations.

21.    In accordance with the arbitration clause found in her employee handbook, Ms. Olmsted initiated arbitration proceedings against IIAS INC, as an operating unit of EDMC, on June 27, 2016.  The dispute originally involved only a claim of retaliatory discharge in violation of Illinois common law.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 21 of the Complaint contains legal conclusions and allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 21 of the Complaint and, therefore, denies all such allegations.

22.    Ms. Olmsted filed a charge of gender discrimination with the EEOC on November 18, 2016, at which time the arbitration proceedings were stayed by agreement of the parties pending resolution of the EEOC investigation.

FPDOCS 34126233.1

**ANSWER:** Defendant IIAS, LLC states that Paragraph 22 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 22 of the Complaint and, therefore, denies all such allegations.

23. The EEOC issued a right to sue letter on May 17, 2017.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 23 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 23 of the Complaint and, therefore, denies all such allegations.

24. Within ninety (90) days thereafter, on August 10, 2017, Ms. Olmsted reinstated her demand for arbitration to pursue her claims of common law retaliatory discharge and gender discrimination.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 24 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 24 of the Complaint and, therefore, denies all such allegations.

25.     Pursuant to the terms of the arbitration agreement, other than a one-time payment of a fee equivalent to the current court filing fee, EDMC was responsible for paying the cost of the arbitration proceedings.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 25 of the Complaint contains legal conclusions and allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 25 of the Complaint and, therefore, denies all such allegations.

26.     Ms. Olmsted paid her portion of the arbitration cost.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 26 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 26 of the Complaint and, therefore, denies all such allegations.

27.     In April 2018, before the arbitrator had held a hearing on the merits of Ms. Olmsted's claims, EDMC informed the arbitrator that it anticipated filing for bankruptcy and would not be paying the cost of the arbitration.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 27 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge

or information to form a belief as to the truthfulness of the allegations contained in Paragraph 27 of the Complaint and, therefore, denies all such allegations.

28.     DCEH and IIAS LLC have refused to join the arbitration proceedings.

**ANSWER:** Defendant IIAS, LLC admits the allegations contained in Paragraph 28 of the Complaint.

29.     Ms. Olmsted now brings the instant action against EDMC, IIAS INC, and the successor entities, DCEH and IIAS LLC.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 29 of the Complaint contains Plaintiff's characterization of her lawsuit, request for relief, and legal conclusions to which no response is required.  To the extent a response is required, Defendant IIAS, LLC denies each and every allegation as set forth therein.

30.     This Court has jurisdiction over these claims under 28 U.S.C. § 1331 because Ms. Olmsted's claim under Title VII pertains to laws of the United States over which the Court has original jurisdiction.  This Court has supplemental jurisdiction over Ms. Olmsted's common law claim pursuant to 28 U.S.C. § 1367.  Additionally, to the extent Ms. Olmsted seeks declaratory judgment on certain issues in this matter, jurisdiction is proper pursuant to 28 U.S.C. § 2201(a).

**ANSWER:** Defendant IIAS, LLC admits that this Court has federal question jurisdiction over Plaintiff's Title VII of the Civil Rights Act of 1991 claim, but denies all remaining allegations contained in Paragraph 30 of the Complaint, including all allegations of wrongdoing inferred or contained in Paragraph 30 of the Complaint.

31.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and § 1391(c) because the acts and omissions giving rise to the cause of action arose and occurred in the Northern District of Illinois.

FPDOCS 34126233.1

**ANSWER:** Defendant IIAS, LLC admits that venue for this lawsuit is proper in this Court and judicial district, but denies any and all allegations of wrongdoing inferred or contained in Paragraph 31 of the Complaint.

## FACTS

32.     Ms. Olmsted began her career at EDMC in May 2012 as an Associate Dean of Academic Affairs at The Art Institute of St. Louis.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 32 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 32 of the Complaint and, therefore, denies all such allegations.

33.     Over the next three years, Ms. Olmsted consistently received positive performance reviews for her work with the St. Louis, Missouri campus.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 33 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 33 of the Complaint and, therefore, denies all such allegations.

34.     In or about July 2015, Ms. Olmsted accepted a promotion to Dean of Academic Affairs at IIAS INC and relocated to Illinois.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 34 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 34 of the Complaint and, therefore, denies all such allegations.

35. Ms. Olmsted joined IIAS INC during a turbulent time within the university. EDMC, including IIAS INC, was entangled in a nationwide class action lawsuit arising under various state and federal false claims statutes that involved allegations of improper recruiting practices and purported misrepresentations made to various state and federal agencies in conjunction with applications for education funding.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 35 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 35 of the Complaint and, therefore, denies all such allegations.

36. Student enrollment was down and the IIAS INC faculty department had been downsized.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 36 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the

IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 36 of the Complaint and, therefore, denies all such allegations.

37. Ms. Olmsted jumped right into her new position and immediately began making changes within Academic Affairs intended to improve the quality of education provided by the university.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 37 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 37 of the Complaint and, therefore, denies all such allegations.

38. During her first few months as Dean, Ms. Olmsted reported to interim Campus President Ms. Jamie Carson. Ms. Carson had no complaints regarding Ms. Olmsted's performance, and never questioned her ability to lead the Academic Affairs department.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 38 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 38 of the Complaint and, therefore, denies all such allegations.

39. In or about November 2015, EDMC settled the class action litigation for $102.8 million.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 39 of the Complaint contains allegations directed solely at other Defendant(s) and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 39 of the Complaint and, therefore, denies all such allegations.

40. On information and belief, as part of the settlement, EDMC agreed that it would not make misrepresentations to students or public entities concerning accreditation.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 40 of the Complaint contains allegations directed solely at other Defendant(s) and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 40 of the Complaint and, therefore, denies all such allegations.

41. In or about November 2015, the HLC put IIAS INC on notice that it was at risk of being out of compliance with one or more criteria for accreditation.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 41 of the Complaint contains allegations directed solely at other Defendant(s) and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation

and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 41 of the Complaint and, therefore, denies all such allegations.

42.     In or about November 2015, Mr. David Ray assumed the role of Campus President at IIAS INC, where he became Ms. Olmsted's direct supervisor.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 42 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 42 of the Complaint and, therefore, denies all such allegations.

43.     Mr. Ray had previously served as Campus President of IIAS INC, and was familiar with many of the male instructors with whom he had worked during his previous tenure at the campus.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 43 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 43 of the Complaint and, therefore, denies all such allegations.

44.     From Ms. Olmsted's perspective, Mr. Ray appeared to quickly assemble a "good ole boys club" that included Mr. Ray and a number of male faculty members, including Mr. Kerr.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 44 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC.

To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 44 of the Complaint and, therefore, denies all such allegations.

45.     Mr. Ray would socialize with these male faculty members outside of work, and would engage in friendly, personal conversations with them while on campus.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 45 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 45 of the Complaint and, therefore, denies all such allegations.

46.     The male faculty members had direct, open access to Mr. Ray, and often would spend time in Mr. Ray's office, even though the management structure included two levels of supervisors (including Ms. Olmsted) between the faculty and Mr. Ray.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 46 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 46 of the Complaint and, therefore, denies all such allegations.

47.     In contrast, Mr. Ray rarely communicated with Ms. Olmsted, his direct subordinate, and, when he did, his communications were abrupt and superficial.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 47 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 47 of the Complaint and, therefore, denies all such allegations.

48.     The same male faculty members who were part of the "good ole boys club" were critical of Ms. Olmsted for attempting to change their way of doing things at IIAS INC, and eluded [sic] to the fact that she is a young woman to support their opinions that she was not qualified to run the academics department or give them instructions on how to better do their jobs.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 48 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 48 of the Complaint and, therefore, denies all such allegations.

49.     Beyond experiencing direct interactions of this nature with the male faculty members, Ms. Olmsted also heard from program directors (who stand between faculty members and Ms. Olmsted in the reporting structure) that faculty were upset about changes that she was trying to make in the department at least in part because she is a young woman and therefore, they assumed, incapable of effectively leading the group.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 49 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC.

To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 49 of the Complaint and, therefore, denies all such allegations.

50. Additionally, after an office holiday party ended, the "good ole boys club," including Mr. Ray, sat together at tables and engaged in loud, boisterous conversation while Ms. Olmsted was left to clean up the entire room on her own. She was required to pack everything up and carry it out to her car on a cold and icy day.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 50 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 50 of the Complaint and, therefore, denies all such allegations.

51. Even though she had bags slung over both shoulders and boxes under each arm, neither Mr. Ray nor his group of male faculty members offered to help.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 51 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 51 of the Complaint and, therefore, denies all such allegations.

52.     This experience was very degrading for Ms. Olmsted in that she, as the only woman in the room, was expected to do all the cleaning while the men sat around chatting.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 52 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 52 of the Complaint and, therefore, denies all such allegations.

53.     As Dean, Ms. Olmsted was expected to ensure that IIAS INC met and maintained the requirements for accreditation with the HLC.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 53 of the Complaint contains allegations directed solely at other Defendant(s) and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 53 of the Complaint and, therefore, denies all such allegations.

54.     One such requirement was that IIAS INC employed faculty who were properly credentialed to teach their respective courses.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 54 of the Complaint contains allegations directed solely at other Defendant(s) and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC

FPDOCS 34126233.1

states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 54 of the Complaint and, therefore, denies all such allegations.

55. In late November 2015, Ms. Olmsted began collecting the resumes of certain faculty members for use in applications to the HLC for new programmatic accreditation (IIAS INC must show in its application that it has faculty members who are qualified to teach the proposed curriculum).

**ANSWER:** Defendant IIAS, LLC states that Paragraph 55 of the Complaint contains allegations directed solely at other Defendant(s) and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 55 of the Complaint and, therefore, denies all such allegations.

56. While completing this assignment, Ms. Olmsted noticed that the credentials of certain faculty members did not align with the coursework they currently taught at the university or with the coursework for which IIAS INC was seeking accreditation.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 56 of the Complaint contains allegations directed solely at other Defendant(s) and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation

and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 56 of the Complaint and, therefore, denies all such allegations.

57. For example, Mr. Kerr taught animation classes at the university, but his education (bachelor's degree in music and master's degree in adult education) does not reflect the technical expertise necessary to teach this coursework per HLC credentialing requirements.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 57 of the Complaint contains allegations directed solely at other Defendant(s) and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 57 of the Complaint and, therefore, denies all such allegations.

58. While Mr. Kerr purports to own an animation company, Ms. Olmsted doubted the validity of his professional experience based on student survey results from the Fall 2015 quarter that contained poor ratings from his students and student feedback that suggested he does not understand modern animation software.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 58 of the Complaint contains allegations directed solely at other Defendant(s) and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 58 of the Complaint and, therefore, denies all such allegations.

FPDOCS 34126233.1

59.     In Ms. Olmsted's assessment, Mr. Kerr similarly was not qualified to teach courses on the subject matters identified in IIAS INC's programmatic accreditation requests.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 59 of the Complaint contains allegations directed solely at other Defendant(s) and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 59 of the Complaint and, therefore, denies all such allegations.

60.     Ms. Olmsted identified similar issues with the credentials of instructors Kenan Caymaz and John Salmen.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 60 of the Complaint contains allegations directed solely at other Defendant(s) and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 60 of the Complaint and, therefore, denies all such allegations.

61.     On information and belief, if these instructors were not qualified to teach their current or prospective courses, then presenting them to students, the government, or the HLC in a contrary light would violate the terms of the settlement agreement EDMC effectuated with the State of Illinois as part of the class action settlement.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 61 of the Complaint contains allegations directed solely at other Defendant(s) and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 61 of the Complaint and, therefore, denies all such allegations.

62. Further, if IIAS INC were to allow unqualified faculty members to teach courses for which its students receive educational grants from the state or federal government, it could be exposed to liability under the state and federal False Claims Acts ("FCAs").

**ANSWER:** Defendant IIAS, LLC states that Paragraph 62 of the Complaint contains legal conclusions, allegations directed solely at other Defendant(s), and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 62 of the Complaint and, therefore, denies all such allegations.

63. Under the FCAs [sic], it is unlawful, when seeking payment of government funds, to knowingly present a false or fraudulent claim for payment or approval or to knowingly make, use, or cause to be used a false record or statement material to a false or fraudulent claim.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 63 of the Complaint contains legal conclusions and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R.

Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC denies the allegations contained in Paragraph 63 of the Complaint.

64.     When applying for educational grants, IIAS INC must certify that it meets all of the eligibility requirements for this program, including that it meets and maintains standards of accreditation.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 64 of the Complaint contains legal conclusions, allegations directed solely at other Defendant(s), and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 64 of the Complaint and, therefore, denies all such allegations.

65.     If IIAS INC faculty members are not properly credentialed, the university is not in compliance with the HLC accreditation requirements, which calls into question the validity of IIAS INC's applications for state and federal education funding.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 65 of the Complaint contains legal conclusions, allegations directed solely at other Defendant(s), and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness

of the allegations contained in Paragraph 65 of the Complaint and, therefore, denies all such allegations.

66. Considering the various ethical and legal implications the credentialing issue could have for the university, Ms. Olmsted brought this matter to Mr. Ray for guidance.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 66 of the Complaint contains legal conclusions, allegations directed solely at other Defendant(s), and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 66 of the Complaint and, therefore, denies all such allegations.

67. IIAS INC faced similar issues under the FCAs [sic] in the recently-resolved class action lawsuit and, as a high-ranking member of the organization, Mr. Ray knew or should have known of the potential exposure that could arise from allowing unqualified instructors to teach coursework at the university.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 67 of the Complaint contains legal conclusions, allegations directed solely at other Defendant(s), and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness

of the allegations contained in Paragraph 67 of the Complaint and, therefore, denies all such allegations.

68. Rather than investigating Ms. Olmsted's concerns or even asking Ms. Olmsted, Dean of Academic Affairs, to take a closer look at the professional backgrounds of these faculty members, Mr. Ray dismissed the credentialing issue out of hand and suggested that Ms. Olmsted need not further concern herself with the credentials of these individuals.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 68 of the Complaint contains allegations directed solely at other Defendant(s), and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 68 of the Complaint and, therefore, denies all such allegations.

69. Shortly thereafter, on January 12, 2016, Mr. Ray suspended Ms. Olmsted for alleged performance issues.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 69 of the Complaint contains allegations directed solely at other Defendant(s) and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 69 of the Complaint and, therefore, denies all such allegations.

70.     On January 20, 2016, Lea Marshall, Vice President of Human Resources, interviewed Ms. Olmsted as part of the disciplinary investigation initiated by Mr. Ray.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 70 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 70 of the Complaint and, therefore, denies all such allegations.

71.     During this phone call, Ms. Olmsted reiterated her concerns regarding faculty members not having the necessary credentials.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 71 of the Complaint contains allegations directed solely at other Defendant(s) and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 71 of the Complaint and, therefore, denies all such allegations.

72.     Ms. Olmsted also reported her concern (which she had been investigating at the time of her termination) that students who enroll in certain "mid-quarter" classes were being improperly charged tuition for more class sessions than they were being scheduled to attend, which raised similar issues under the False Claims Acts and consumer agreement with respect to public tuition assistance fraud.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 72 of the Complaint contains allegations directed solely at other Defendant(s) and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 72 of the Complaint and, therefore, denies all such allegations.

73. On January 27, 2016, Mr. Ray terminated Ms. Olmsted's employment, citing "significant gaps in [her] leadership and judgment" as the basis for her discharge.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 73 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 73 of the Complaint and, therefore, denies all such allegations.

74. At the time of her termination, Ms. Olmsted had no disciplinary record with EDMC.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 74 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 74 of the Complaint and, therefore, denies all such allegations.

FPDOCS 34126233.1

75.     Other male employees have had performance issues similar to those Mr. Ray referenced as an alleged basis for Ms. Olmsted's termination, but such employees were not fired.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 75 of the Complaint contains allegations directed solely at other Defendant(s) to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 75 of the Complaint and, therefore, denies all such allegations.

76.     Other employees who have not complained of improper credentialing and/or improper tuition charges have had performance issues similar to those Mr. Ray referenced as a basis for Ms. Olmsted's termination, but such employees were not fired.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 76 of the Complaint contains allegations directed solely at other Defendant(s) and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 76 of the Complaint and, therefore, denies all such allegations.

77.     On or about March 7, 2016, Mr. Ray executed a "Credentials Exceptions Record" for Mr. Kerr that acknowledges he does not have the proper academic credentials to teach his assigned coursework, but asserts that, based on Mr. Ray's review of Mr. Kerr's professional experience, Mr. Kerr is qualified to teach his assigned coursework.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 77 of the Complaint contains allegations directed solely at other Defendant(s) and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 77 of the Complaint and, therefore, denies all such allegations.

78. On or about March 8, 2016, Mr. Ray executed a "Credentials Exceptions Record" for Mr. Caymaz that acknowledges he does not have the proper academic credentials to teach his assigned coursework, but asserts that, based on Mr. Ray's review of Mr. Cayman's professional experience, Mr. Caymaz is qualified to teach his assigned coursework.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 78 of the Complaint contains allegations directed solely at other Defendant(s) and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 78 of the Complaint and, therefore, denies all such allegations.

79. On information and belief, Mr. Ray's certifications in this regard are false.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 79 of the Complaint contains allegations directed solely at other Defendant(s) and allegations subject to Defendant IIAS, LLC's contemporaneously filed Fed. R. Civ. P. 12(b)(6) Motion to Dismiss to which no response is required by Defendant IIAS, LLC. To the extent a response is required, Defendant IIAS, LLC

31

states that it lacks sufficient knowledge or information as to events occurring prior to its formation and acquisition of certain assets of the IIAS, Inc. to form a belief as to the truthfulness of the allegations contained in Paragraph 79 of the Complaint and, therefore, denies all such allegations.

## COUNT 1 – DISCRIMINATION UNDER TITLE VII

80.     Ms. Olmsted herein re-alleges and re-affirms the allegations set forth in paragraphs 1-79, above.

**ANSWER:** Defendant IIAS, LLC incorporates its answers to Paragraphs 1-79 of the Complaint as if fully set forth herein.

81.     Title VII makes it unlawful to discriminate against or harass any individual in the terms, conditions, or privileges of employment, on the basis of gender.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 81 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, and except to state that the statutory language cited or referenced therein speaks for itself, Defendant IIAS, LLC denies each and every allegation as set forth therein.


82.     Ms. Olmsted is an "employee" as defined by 42 U.S.C. § 2000e-1(f).

**ANSWER:** Defendant IIAS, LLC states that Paragraph 82 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant IIAS, LLC denies each and every allegation as set forth therein.

83.     Defendants are a covered "employer" as defined by 42 U.S.C. § 2000e-1(b).

**ANSWER:** Defendant IIAS, LLC states that Paragraph 83 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant IIAS, LLC denies each and every allegation as set forth therein**.**

32

84. By the conduct alleged herein, Defendants subjected Ms. Olmsted to gender discrimination in violation of Title VII.

**ANSWER:** Defendant IIAS, LLC states that Paragraph 84 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant IIAS, LLC denies each and every allegation as set forth therein.

WHEREFORE, Plaintiff, JILL OLMSTED, respectfully prays for entry of judgment in her favor and against Defendants, THE ILLINOIS INSTITUTE OF ART — SCHAUMBURG, INC., THE ILLINOIS INSTITUTE OF ART — SCHAUMBURG, LLC, EDUCATION MANAGEMENT LLC, and DREAM CENTER EDUCATION HOLDINGS, LLC, with respect to COUNT I and requests that this Honorable Court:

A. Declare that IIAS LLC and DCEH are liable for the conduct of IIAS INC and EDMC as successors in interest;

B. Declare that Defendants violated Plaintiff's rights under Title VII;

C. Award Plaintiff the value of all compensation and benefits lost as a result of Defendants' unlawful conduct;

D. Award Plaintiff the value of all compensation and benefits she will lose in the future as a result of Defendants' unlawful conduct;

E. Award Plaintiff compensatory damages;

F. Award Plaintiff punitive damages;

G. Award Plaintiff damages for emotional distress;

H. Award Plaintiff pre and post judgment interest;

I. Award Plaintiff reasonable attorneys' fees, costs, and disbursements; and

J. Order such other and further relief as this Court deems appropriate and just.

**ANSWER:** Defendant IIAS, LLC states that Paragraphs A-J within Plaintiff's Prayer for Relief within Count I of the Complaint contain Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendant IIAS, LLC denies each and every allegation contained therein and that Plaintiff is entitled to any relief whatsoever.

<u>**COUNT II – COMMON LAW RETALIATORY DISCHARGE**</u>

85-98. Defendant IIAS, LLC states that on June 15, 2018, Defendant IIAS, LLC filed a Motion to Dismiss Count II of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Therefore, no response to Paragraphs 85-98 of the Complaint is required by Defendant IIAS, LLC at this time.

<u>**AFFIRMATIVE DEFENSES**</u>

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims, in whole or in part, are barred by the doctrines of laches, estoppel, or waiver.

3. Plaintiff's claims are barred, in whole or in part, by the limitations periods applicable under Title VII and Illinois law.

4. Plaintiff's claims and/or damages are barred to the extent she failed to mitigate her alleged damages.

5. Plaintiff's claims brought pursuant to Title VII are barred to the extent Plaintiff failed to exhaust her administrative remedies as to Defendant IIAS, LLC or any of the other Defendants.

FPDOCS 34126233.1

6.      Without prejudice to Defendant IIAS, LLC's denials and other statements of its pleadings, Plaintiff's claims for punitive damages are barred because Defendant IIAS, LLC did not engaged in any willful conduct.

7.      Upon information and belief and without prejudice to Defendant IIAS, LLC's denials and other statements of its pleadings, Plaintiff's claims for punitive damages are barred because none of the other Defendants engaged in any willful conduct.

8.      Plaintiff's claims are barred to the extent that they involve transactions or events or seek damages for periods of time outside the applicable statutory limitations period for filing administrative charges or commencing this lawsuit.

9.      Defendant IIAS, LLC reserves the right to plead any additional Affirmative Defenses as they become known or available during the pendency of this litigation.

**WHEREFORE**, Defendant IIAS, LLC denies that Plaintiff is entitled to monetary, declaratory or injunctive relief or judgment in any sum whatsoever, and respectfully requests that the Court enter judgment in its favor with costs and reasonable attorneys' fees assessed against Plaintiff, as well as such other and further relief that this Court deems just and proper.

Dated: June 15, 2018                    Respectfully submitted,

By:    s/Kevin S. Simon
       Kevin S. Simon
       Scott C. Fanning
       **FISHER & PHILLIPS LLP**
       10 South Wacker Drive, Suite 3450
       Chicago, Illinois 60606
       (312) 346-8061 Phone
       (312) 346-3179 Facsimile
       ksimon@fisherphillips.com
       sfanning@fisherphillips.com
       *Attorneys for Defendant*
       *The Illinois Institute of Art at Schaumburg,*
       *LLC*

FPDOCS 34126233.1

## CERTIFICATE OF SERVICE

I certify that the foregoing Defendant The Illinois Institute Of Art At Schaumburg, LLC's Answer and Affirmative Defenses was filed via the Court's ECF notification system on June 15, 2018, which will send notification of such filing to all counsel of record.


Dated: June 15, 2018                           Respectfully submitted,


By:     s/Kevin S. Simon
        Kevin S. Simon
        Scott C. Fanning
        **FISHER & PHILLIPS LLP**
        10 South Wacker Drive, Suite 3450
        Chicago, Illinois 60606
        (312) 346-8061 Phone
        (312) 346-3179 Facsimile
        ksimon@fisherphillips.com
        sfanning@fisherphillips.com

        *Attorneys for Defendant*
        *The Illinois Institute of Art at Schaumburg,*
        *LLC*