IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JILL OLMSTED, )<br> )<br> Plaintiff, )<br> )<br> v. )<br> )<br>THE ILLINOIS INSTITUTE OF ART – )<br>SCHAUMBURG, INC., THE ILLINOIS )<br>INSTITUTE OF ART – SCHAUMBURG, LLC, )<br>EDUCATION MANAGEMENT LLC, and )<br>DREAM CENTER EDUCATION )<br>HOLDINGS, LLC, )<br> )<br> Defendants. ) | Case No.: 1:18-cv-03095<br><br>Honorable Judge John Z. Lee |

**DEFENDANT THE ILLINOIS INSTITUTE OF ART AT SCHAUMBURG, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
DISMISS COUNT II OF PLAINTIFF'S COMPLAINT**

Defendant The Illinois Institute of Art at Schaumburg, LLC ("IIAS, LLC"), by and through its attorneys, and pursuant to Fed. R. Civ. P. 12(b)(6), requests that the Court dismiss Count II of Plaintiff Jill Olmsted's ("Plaintiff" or "Olmstead") Complaint as to Defendant IIAS, LLC. Defendant IIAS, LLC requests that Count II of the Complaint be dismissed for the foregoing reasons:

**INTRODUCTION**

In the Complaint, Plaintiff, a former employee of The Illinois Institute of Art – Schaumburg, Inc. ("IIAS, Inc."), alleges that IIAS, Inc. terminated her employment in violation of Title VII of the Civil Rights Act of 1991 ("Title VII") (Count I) and the Illinois common law (Count II). [D. 1, ¶¶ 1-3]. Count II of the Complaint, which alleges retaliatory discharge under Illinois law, should be dismissed with prejudice as to Defendant IIAS, LLC because IIAS, LLC never employed Plaintiff nor terminated her employment. Plaintiff's sole allegation against IIAS,

LLC is that it continued IIAS, Inc.'s operations nearly two years after Plaintiff's termination. Although IIAS, Inc. is a named (and reportedly served) defendant in this matter, Plaintiff attempts to embroil IIAS, LLC in this matter under a theory of successor liability. Dismissal of Count II of Plaintiff's Complaint as to IIAS, LLC is appropriate because Plaintiff has not plead any facts supporting any of the following exceptions to Illinois' general rule that a successor corporation is not liable for the torts of a predecessor corporation: (1) an express or implied assumption of liability; (2) a consolidation or merger; (3) a continuation of ownership; or (4) fraud. Accordingly, Count II of Plaintiff's Complaint fails to state a claim for which relief may be granted against IIAS, LLC.

**FACTUAL BACKGROUND**[1]

IIAS, Inc., a for-profit university located in Schaumburg, Illinois, employed Plaintiff as the Dean of Academic Affairs from approximately July 2015 until the termination of her employment on January 27, 2016. [D. 1 ¶ 4]. In Count II of the Complaint, Plaintiff alleges that when IIAS, Inc.'s Campus President terminated Plaintiff's employment on January 27, 2016, IIAS, Inc. subjected Plaintiff to retaliatory discharge in violation of the public policy of the State of Illinois. [D. 1 ¶ 1, 42, 73].

The Complaint further alleges that IIAS, Inc.'s parent company, Defendant Education Management LLC ("EDMC"), sold IIAS, Inc. to Dream Center Education Holdings, LLC ("DCEH") in January 2018. [D. 1 ¶¶ 5-6]. In relation to this sale, the Complaint alleges that the sale of IIAS, Inc. to DCEH "included all university property and operations," but the Complaint does not contain any allegations that DCEH or IIAS, LLC assumed any of IIAS, Inc. or EDMC's

---

[1] The factual background in this Motion is taken directly from Plaintiff's Complaint. For purposes of this Motion only and as required by Rule 12(b)(6), this Motion presumes Plaintiff's Complaint allegations to be true.

2

liabilities. [D. 1 ¶ 11]. Additionally, the Complaint alleges that after the sale, "DCEH, through IIAS LLC, has continued university operations," and that there is "a continuity in workforce between IIAS INC and IIAS LLC." [D. 1 ¶ 12-16].

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The plaintiff must "'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *McReynolds v. Merrill Lynch & Co.,* 694 F.3d 873, 885 (7th Cir.2012), *citing Ashcroft v. Iqbal,* 556 U.S. 662 (2009). "A complaint must always … allege enough facts to state a claim for relief that is plausible on its face, and how many facts are enough will depend on the type of case." *Limestone Dev. Corp. v. Villa. Of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008).

## LEGEL ARGUMENT

Count II of the Complaint must be dismissed as to IIAS, LLC because Plaintiff has not plead a sufficient basis to hold IIAS, LLC liable for the alleged actions of IIAS, Inc. Because Plaintiff has not alleged that IIAS, LLC employed Plaintiff, the only basis for Plaintiff to pursue a retaliatory

discharge claim against IIAS, LLC would be under the doctrine of successor liability. However, Count II of the Complaint fails to plead any facts supporting successor liability under Illinois law.[2]

As a preliminary matter, under Illinois law, the "only proper defendant in a retaliatory discharge action is the plaintiff[s]' former employer." *Buckner v. Atlantic Plant Maintenance, Inc.*, 182 Ill.2d 12, 22 (1998). Plaintiff never alleges that IIAS, LLC employed Plaintiff. Rather, the Complaint specifically states that IIAS, Inc. employed Plaintiff up to the termination of her employment. [D. 1 ¶¶ 1, 42, 73]. Further, the Complaint does not contain any allegations that IIAS, LLC was involved in any way with IIAS, Inc.'s operations until January 2018, nearly two years after IIAS, Inc. terminated Plaintiff's employment. [D. 1 ¶¶ 6, 12, 42, 73]. Therefore, IIAS, LLC cannot be directly liable for retaliatory discharge as set forth in Count II of Plaintiff's Complaint. Plaintiff seemingly acknowledges this principle by naming IIAS, Inc. as a defendant in this matter. But Plaintiff also names, among others, IIAS, LLC as a defendant via a theory of successor liability.

Plaintiff has not plead sufficient facts to state a claim for successor liability against IIAS, LLC. Under Illinois law, a corporation that purchases the assets of another corporation is not liable for the debts and liabilities of the seller in the absence of an agreement providing otherwise. *Myers v. Putzmeister, Inc.*, 232 Ill. App. 3d 419, 422 (1992); *Johnson v. Marshall & Huschart Machinery Co.*, 66 Ill. App. 3d 766, 768 (1978). This traditional rule of non-liability for buyers "developed as a response to the need to protect *bona fide* purchasers from unassumed liability and was designed to maximize the fluidity of corporate assets." *Vernon v. Schuster,* 179 Ill.2d 338, 345 (1994).

---

[2] The Illinois substantive law with respect to successor liability applies to Count II as Count II involves a state law tort claim over which the Plaintiff has requested the Court to exercise supplemental jurisdiction. *See Thornton v. M7 Aerospace LP*, 903 F. Supp. 2d 654, 662 (N.D. Ill. 2012) (federal courts are to apply state successor liability law over state law claims); *Houben v. Telular Corp.*, 309 F.3d 1028, 1032 (7th Cir. 2002) (federal courts apply state substantive law when it exercises supplemental jurisdiction over state law claims).

4

There are, however, four exceptions to the general rule of non-liability if: (1) there is an express or implied agreement of assumption of liability; (2) the transaction between the purchaser and the seller corporation is a consolidation or merger; (3) the purchaser is a continuation of the seller; or (4) if the transaction is fraudulent attempt to escape liability for the seller's obligations. *Diguilio v. Goss International Corp.*, 389 Ill. App. 3d 1052, 1060, 1064 (2009) *citing to Vernon*, 179 Ill. 2d at 347, 688. Count II of Plaintiff's Complaint as to IIAS, LLC should be dismissed because Plaintiff never alleges any facts sufficient to support any exception to Illinois' general rule of successor non-liability.

1. **Plaintiff does not Allege The Assumption of Liability Exception.**

Plaintiff's Complaint does not allege that IIAS, LLC assumed any of the liabilities of IIAS, Inc., EDMC, or DCEH. Instead, the only Complaint allegation relating to the sale IIAS, Inc.'s assets is that DCEH (not IIAS, LLC) acquired all IIAS, Inc. "property and operations." [D. 1 ¶ 11]. The Complaint does not allege that any entity expressly or impliedly assumed the liabilities related to Plaintiff's claims or any other liabilities. Accordingly, Plaintiff's Complaint fails to allege facts supporting the assumption of liability exception to Illinois' general rule of successor non-liability.

2. **Plaintiff Does Not Allege the Consolidation or Merger Exception.**

Plaintiff's Complaint does not allege the occurrence of a merger or consolidation involving IIAS, LLC and IIAS, Inc. (or any of the other Defendants). In terms of the transaction at issue, the Complaint only alleges that EDMC sold the assets of IIAS, Inc. to DCEH. [D. 1 ¶¶ 6, 11]. Absent any allegations of a consolidation or merger, Plaintiff's Complaint fails to allege facts supporting the consolidation or merger exception to Illinois' general rule of successor non-liability.

3. **Plaintiff Fails to Plead Sufficient Facts To Support the Continuation Exception.**

Plaintiff's Complaint fails to allege any facts that IIAS, LLC is a continuation of IIAS, Inc. or EDMC. Under Illinois law, the continuation exception requires that the Plaintiff allege common ownership of the buying and selling business. *Vernon*, 179 Ill. 2d at 347. The standard is "whether there is a continuation of the *corporate* entity of the seller—not whether there is a continuation of the *seller's business operation.*" *Id.* at 346 (emphasis in original); *see also Diguilio v. Goss International Corp.*, 389 Ill.App.3d 1052, 1062 (2009) (deciding factor is whether there is a continuation of corporate entity of seller, not whether seller's business operation continues).

Plaintiff's Complaint does not contain any allegations that IIAS, LLC shares any common ownership with IIAS, Inc. or EDMC. Rather, the allegations that EDMC, a for-profit entity, owned IIAS, Inc., and that DCEH, a non-profit entity, somehow controls IIAS, LLC, are the only allegations related to ownership contained in the Complaint. [D. 1, ¶¶ 5, 12]. The Complaint's remaining allegations about the continuation of IIAS, Inc.'s business operations, absent any allegations of common ownership, are insufficient to show that corporate of entity of IIAS, Inc. continued through IIAS, LLC. *See e.g. Villaverde v. IP Acquisition VIII, LLC*, 2015 IL App (1st) 143187, ¶ 56 (fact that the former CEO of the seller was employed by the buyer was irrelevant to the corporate continuation exception to non-liability of companies that acquire the assets of another company.). Accordingly, Plaintiff's Complaint fails to allege facts supporting the continuation exception to Illinois' general rule of successor non-liability.

**4. Plaintiff Fails to Allege Facts Supporting the Fraud Exception.**

Once again, the Complaint does not allege that EDMC or IIAS, Inc. sold their assets in a fraudulent attempt to escape liability for any of IIAS, Inc. or EDMC's obligations pertaining to this matter. A fraudulent transfer occurs when the transfer is made with actual intent to hinder, delay, or

6

defraud any creditor of the debtor. 740 ILCS 160/5(a)(1). Plaintiff's Complaint does not allege that EDMC sold IIAS, Inc. to hinder, delay, or defraud any creditor.

Moreover, the Complaint lacks any allegations from which the Court could plausibly infer that the fraud exception applies to the sale of IIAS, Inc. The Illinois Appellate Court's decision in *DeMauro v. MTH Enterprises, LLC*, is instructive in this regard. 2014 IL App (1st) 132383-U. Based on more extensive allegations than those in Plaintiff's Complaint, the Illinois Appellate Court upheld the dismissal of a successor corporation on a motion to dismiss. 2014 IL App (1st) 132383-U, ¶¶ 21-24. The Court held that the plaintiff did not state a claim against a successor pursuant to the fraud exception based on allegations that (1) the buyer acquired substantially all of the assets and liabilities of the seller, (2) the seller was aware of the liability at issue prior to the transaction, (3) individuals with the same last name were involved on each side of the transaction, and (4) the seller no longer had any assets to meet other obligations or generate income after the sale. *Id.* The Court reasoned that there was "simply far to great" of a "leap" between plaintiff's allegations and an inference of "a fraudulent transaction undertaken to avoid liability for plaintiff's claim." *Id.*

Like *DeMaruo*, and more so, Plaintiff's Complaint does not contain allegations that allow any plausible inference that a fraudulent transaction took place. Like *DeMauro*, Plaintiff's allegations that (1) DCEH and EDCM knew about Plaintiff's claim prior to the transaction, and (2) EDMC does not presently have the financial ability to pay the relief requested by Plaintiff are insufficient as a matter of law to support the fraud exception to the Illinois general rule of successor non-liability. [D. 1, ¶¶ 17-18].

Because Plaintiff has not plead any of the four exceptions to Illinois' general rule of successor non-liability, Count II of Plaintiff's Complaint fails to state a claim against IIAS, LLC. Therefore, this Court should dismiss Count II of Plaintiff's Complaint as to Defendant IIAS, LLC.

7

## CONCLUSION

For all the foregoing reasons, Defendant IIAS, LLC respectfully requests that the Court enter an order dismissing Count II of Plaintiff's Complaint with prejudice as to Defendant IIAS, LLC and grant all other relief deemed appropriate.

Dated: June 15, 2018                                             Respectfully submitted,

                                                                By:    s/Kevin S. Simon
                                                                         Kevin S. Simon
                                                                         Scott C. Fanning
                                                                         **FISHER & PHILLIPS LLP**
                                                                         10 South Wacker Drive, Suite 3450
                                                                         Chicago, Illinois 60606
                                                                         (312) 346-8061 Phone
                                                                         (312) 346-3179 Facsimile
                                                                         ksimon@fisherphillips.com
                                                                         sfanning@fisherphillips.com

                                                                         *Attorneys for Defendant Illinois Institute of Art at Schaumburg, LLC*

# CERTIFICATE OF SERVICE

       I certify that the foregoing Defendant IIAS, LLC's Memorandum Of Law In Support Of Its Motion To Dismiss Count II Of Plaintiff's Complaint was filed via the Court's ECF notification system on June 15, 2018, which will send electronic notice to all counsel of record.

Dated: June 15, 2018                      Respectfully submitted,

                                       By:     s/Kevin S. Simon
                                                  Kevin S. Simon
                                                  Scott C. Fanning
                                                  **FISHER & PHILLIPS LLP**
                                                  10 South Wacker Drive, Suite 3450
                                                  Chicago, Illinois 60606
                                                  (312) 346-8061 Phone
                                                  (312) 346-3179 Facsimile
                                                  ksimon@fisherphillips.com
                                                  sfanning@fisherphillips.com

                                                  *Attorneys for Defendant Illinois Institute of Art at Schaumburg, LLC*