IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JILL OLMSTED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18-cv-03095 |
| v. ) | |
| ) | Honorable John Z. Lee |
| THE ILLINOIS INSTITUTE OF ART - ) | |
| SCHAUMBURG, INC., THE ILLINOIS ) | |
| INSTITUTE OF ART – SCHAUMBURG, LLC, ) | |
| and EDUCATION MANAGEMENT LLC, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT
THE ILLINOIS INSTITUTE OF ART SCHAUMBURG, LLC'S
MOTION TO STAY PROCEEDINGS**

Plaintiff Jill Olmsted, by and through her attorneys, the Law Offices of Colleen M. McLaughlin, and for her Memorandum in Opposition to Defendant The Illinois Institute of Art Schaumburg, LLC's ("IIAS, LLC") Motion to Stay Proceedings (Dkt. #48), states as follows:

**INTRODUCTION**

Defendant IIAS, LLC moves to stay this proceeding alleging the Illinois Institute of Art – Schaumburg, Inc.'s ("IIAS, Inc.") automatic bankruptcy should be extended to also protect IIAS, LLC. Movant claims any judgment against IIAS, LLC would effectively amount to a judgment against IIAS, Inc. due to its indemnification obligation to the successor. To be clear, the defendant that filed bankruptcy, subject to the bankruptcy stay, and represented by counsel, IIAS, Inc., did not file the instant motion. Rather, IIAS, LLC, the non-debtor defendant, is moving for the bankruptcy protection. Defendant IIAS, LLC's motion to stay should be denied, and this dispute

which essentially began when Defendants terminated Plaintiff's employment in January 2016, should be allowed to continue against IIAS, LLC.

## FACTUAL BACKGOUND

Ms. Olmsted worked for IIAS INC, a for-profit university located in Schaumburg, Illinois, as the Dean of Academic Affairs from approximately July 2015 until her termination on January 27, 2016. (Dkt. 1, Complaint, ¶ 4). EDMC, which owned IIAS, Inc. during Plaintiff's employment, was headquartered in Pittsburgh, Pennsylvania. (*Id.* at ¶ 5). On January 27, 2016, Campus President David Ray, terminated Ms. Olmsted's employment, citing "significant gaps in [her] leadership and judgment" as the basis for her discharge. (*Id.* at ¶ 73).

Plaintiff alleges in Count I of her Complaint that her gender was a motivating factor in her discharge. (*Id.* at ¶ 3). Mr. Ray treated similarly-situated male employees more favorably than Ms. Olmsted and terminated Ms. Olmsted in response to her reports that male faculty members who were part of a "good ole boys club" that included Mr. Ray, were not qualified to teach their courses. (*Id.*). Ms. Olmsted also alleges in Count II that she was terminated in violation of Illinois public policy because she complained (1) that certain male faculty members at IIAS were not qualified to teach their assigned coursework and (2) that IIAS Inc. was overcharging students who enrolled in "mid-quarter" classes by requiring the students to pay full price for the courses despite receiving fewer hours of in-class instruction than comparable courses that did not utilize the "mid-quarter" schedule. (*Id.* at ¶ 2).

Around May 2018, EDMC sold IIAS, Inc. to Dream Center Education Holdings, LLC ("DCEH"), which now operates the school through IIAS, LLC. (*Id.* at ¶ 12). There has been a continuity in workforce between EDMC and DCEH, similarity of jobs and working conditions, similarity of supervisory personnel, and similarity of products and services. (*Id.* at ¶ 9). Through

the sale, DCEH took control of IIAS Inc.'s campus, staff, student records (including those concerning academics and financial aid), and curriculum. (*Id.* at ¶ 11). DCEH, through IIAS LLC, has continued university operations through use of IIAS Inc.'s campus, equipment, curriculum, staff, and marketing materials, such as IIAS Inc.'s website. (*Id.* at ¶ 12). There has been a continuity in workforce between IIAS Inc. and IIAS LLC, similarity of jobs and working conditions, similarity of supervisory personnel, and similarity of products and services. (*Id.* at ¶ 13). In other words, there has been a substantial continuity between the business operations of IIAS Inc. and IIAS LLC before and after the acquisition. (*Id.* at ¶ 14). Mr. Ray, the decision-maker with respect to Ms. Olmsted's termination, continues to serve as Campus President of IIAS LLC, which is the same role he held at IIAS Inc. (*Id.* at ¶ 15).

On May 1, 2018, Plaintiff filed her Complaint against the IIAS, Inc., IIAS, LLC, Education Management LLC, and Dream Center Education Holdings, LLC. Plaintiff brings claims under Title VII of the Civil Rights Act of 1991 for gender discrimination and under Illinois common law for retaliatory discharge. On June 22, 2018, the Court granted Plaintiff's unopposed Motion to Dismiss DCEH without prejudice. (Dkt. #39). On June 29, 2018, IIAS, Inc. and Education Management LLC filed Chapter 7 bankruptcy, and notified the Court of such bankruptcy on July 2, 2018. (Dkt. 44), leaving IIAS, LLC the only remaining defendant not in bankruptcy.

**ARGUMENT**

**I.   IIAS, LLC is not entitled to an extension of IIAS, Inc.'s bankruptcy stay because any such motion for stay must be made in the appropriate bankruptcy court by the debtor, IIAS, Inc.**

IIAS, LLC contends that IIAS, Inc.'s bankruptcy stay should be extended to cover IIAC, LLC. It argues that although the general rule is that bankruptcy stays are not extended to non-debtor third parties, it fits a narrow exception to that rule. Movant claims any judgment against

IIAS, LLC would effectively amount to a judgment against IIAS, Inc. due to its indemnification obligation. However, IIAS, LLC ignores the plethora of cases that require a request to extend a bankruptcy stay to be filed in the court where the bankruptcy action pends, and further, that the request is to be filed by the debtor. *B&B Golf Carts, Inc. v. GRC Golf Products, LLC*, No. 3:16-CV-1051-NJR-RJD, 2017 U.S. Dist. LEXIS 78201 (S.D. Ill. May 23, 2017); *Hamilton v. American Corrective Counseling Services*, No. 3:05-CV-434-RM, 2009 U.S. Dist. LEXIS 30753, at *4 (N.D. Ind. Apr. 8, 2009); *Lee v. RCN Corp.*, No. 03 C 5866, 2004 U.S. Dist. LEXIS 18941, at *1 (N.D. Ill. Sept. 20, 2004); *In re Richard B. Vance & Co.*, 289 B.R. 692, 697 (Bankr. C.D. Ill. 2003); *In re Lennington*, 286 B.R. 672, 674 (Bankr. C.D. Ill. 2001). Neither of these elements is present here, so IIAS, LLC's motion, essentially brought on behalf of IIAS, Inc., must be denied.

As IIAS, LLC correctly points out, the general rule is that bankruptcy stays may not be extended to non-debtor third parties. Section 362 of the Bankruptcy Code forbids "commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). "Although this automatic stay provision prevents on-going litigation against a debtor, the general rule in this circuit is that plaintiffs are free to pursue the debtor's codefendants regardless of the automatic stay." *Celtic Bank Corp. v. Executive Title, Inc.*, 2015 U.S. Dist. LEXIS 139251, 2015 WL 5951844, at * (N.D. Ill. Oc. 13, 2015). (internal quotation marks and citations omitted). The automatic stay provision was "intended to protect the assets of the debtor for the benefit of creditors," not to "afford collateral benefits to non-debtor parties involved in the litigation with the debtor as party defendants or as co-defendants." *Lee v. RCN Corp.*, 2004 U.S. Dist. LEXIS 18941, 2004 WL 2108577, at *1 (N.D. Ill. Sept. 20, 2004).

There are two exceptions in unusual circumstances where a court may stay proceedings against non-bankrupt co-defendants. *Lee*, 2004 U.S. Dist. LEXIS 18941, 2004 WL 2108577, at *1. First, a suit may not proceed against non-debtor co-defendants where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991). "An Illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." *A. H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986). The second exception operates when "the pending litigation, though not brought against the debtor, would cause the debtor, the bankruptcy estate, or the reorganization plan 'irreparable harm.'" *In re Fernstrom Storage & Van Co.*, 938 F.2d at 736.

IIAS, Inc. (not IIAS, LLC) may fit the narrow exception to the general rule that bankruptcy stays cannot be extended to third party non-debtors. However, Courts in this Circuit routinely find that the District Court does not have the authority to extend the bankruptcy stay; any extension of a bankruptcy stay to a third party must be filed by the debtor and issued by the appropriate bankruptcy court. Just as only the bankruptcy court has the authority to issue a bankruptcy stay, so does it only have the authority to extend the stay to third parties. *B&B Golf Carts, Inc. v. GRC Golf Products, LLC*, No. 3:16-CV-1051-NJR-RJD, 2017 U.S. Dist. LEXIS 78201 (S.D. Ill. May 23, 2017) citing *Hamilton v. American Corrective Counseling Services*, No. 3:05-CV-434-RM, 2009 U.S. Dist. LEXIS 30753, at *4 (N.D. Ind. Apr. 8, 2009) ("[C]ourts in [the Seventh Circuit] routinely hold that a request to extend the automatic stay to a non-debtor defendant must be filed in the court where the bankruptcy action is pending, and further, that the request is to be filed by

the debtor."). See also, *Lee v. RCN Corporation*, 2004 U.S. Dist. LEXIS 18941, 2004 WL 2108577, at *4-5 ("The bankruptcy court is in the best position to evaluate the effect on the bankruptcy estate, if any, of litigation against a non-debtor co-defendant."); *Celtic Bank Corp. v. Executive Title, Inc.*, 2015 U.S. Dist. LEXIS 139251, 2015 WL 5951844, at * (N.D. Ill. Oc. 13, 2015) (the weight of authority holds a request to extend a bankruptcy stay must be filed in the court where the bankruptcy action pends, and filed by the debtor); *In re Richard B. Vance & Co.*, 289 B.R. 692 (Bankr. C.D. Ill. 2003) (district court denying motion to extend bankruptcy stay to third party non-debtor because "[t]he bankruptcy court is the proper forum to address whether the litigation may proceed without adversely affecting the bankruptcy case and whether, for valid bankruptcy reasons, the litigation ought to go forward against the debtor as well as the non-debtor codefendants").

*Chicago Carpenters Council of Carpenters Pension Fund v. Saylor*, 1992 WL 333899, 1992 W.S. Dist. Lexis 17090 (N.D. Ill. 1992), cited by Defendant, takes a similar stance. ("The bankruptcy court is in the best position to evaluate the effect on the bankruptcy estate, if any, of litigation against a nondebtor co-defendant. And the request should be filed by the debtor because it is the debtor's interest, not those of the nondebtor co-defendants, that are intended to be protected by an extension of the stay."). In fact, almost all cases cited by IIAS, LLC, which notably, for the most part, are appeals from a bankruptcy court rather than a district court, support this common-sense approach of allowing the bankruptcy court the exclusive authority to issue bankruptcy stays to not just the debtor, but also to extend the stay to third parties. *See Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142 (5th Cir.1987) (appeal from Bankruptcy Court's decision whether to extend stay to third-party); *A.H. Robins Co. Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986) (finding bankruptcy court had authority to extend bankruptcy stay to third-party); *In re*

6

*North Star Contracting Corp.*, 125 B.R. 368 (S.D.N.Y.1991) (appeal from bankruptcy court extending stay to third party); *In re American Film Technologies, Inc.*,175 BR 847 (Bankr. Ct. Del. 1994) (appeal from bankruptcy court, finding "numerous bankruptcy courts have issued preliminary injunctions, on collateral estoppel grounds, staying the prosecution of actions against non-debtor defendants who were officers and/or directors of the debtor defendants").

The only case cited by IIAS, LLC where a District Court extended a bankruptcy stay to a third party is *Trimec, Inc. v. Zale Corporation*, but even there the Court issued the stay only upon a recommendation directly from the bankruptcy court. 150 B.R. 685, 687 (N.D. Ill. 1993).

All of IIAS, LLC's purported concerns of identity of parties, indemnification clauses, and res judicata were raised in *Lee*, *Hamilton*, and *Saylor*, and they all had the same ruling: those concerns must be raised by the debtor in the appropriate bankruptcy forum. Thus, IIAS, LLC's motion for stay, raised on behalf of IIAS, Inc. must be denied as it is raised by the wrong party in the wrong forum.

**II.     The Court should not use its inherent powers to control its docket to stay the litigation as IIAS, LLC's concerns, raised on behalf of IIAS, Inc., are largely illusory.**

IIAS, LLC alternatively moves the court to stay the litigation under the Court's inherent power to control its docket. However, it fails to cite a single case where a Court used its inherent power to stay a case due to another party's pending bankruptcy. Rather, the weight of authority in the Circuit, as cited above, is to allow the bankruptcy court to determine whether any necessary stay should be extended.

IIAS, LLC raises numerous illusory concerns that purportedly merit the court using its inherent powers to control its docket and stay the litigation. Movant claims judicial economy and the orderly course of justice support a stay, arguing that failure to issue the stay would result in duplicative litigation. This is simply not true. The bulk of relevant evidence and individuals are

with IIAS, LLC. As alleged in Plaintiff's Complaint, there has been a substantial continuity between the business operations transition from IIAS, LLC. to IIAS, LLC. (Dkt. #1, ¶ 10). There is a continuity in workforce, similarity of jobs and working conditions, similarity of supervisory personnel, and similarity of products and services. (*Id.* at ¶ 9). The relevant decision-makers in this case, including David Ray who continues to serve a Campus President, continue to hold their same or similar positions at IIAS, LLC.

IIAS, LLC also claims that the case should be stayed due to its motion to dismiss Plaintiff's retaliatory discharge claim (Count II). Both of Plaintiff's claims (gender discrimination and retaliatory discharge) are all based on the same factual background (Dkt. #1, ¶¶ 32-79). Essentially, the claims come down to determining why Plaintiff's superiors really terminated her employment. Even if Count II is dismissed (which Plaintiff denies it should be), the relevant discovery in the case will remain largely the same. Thus, not only is there no basis to stay the litigation on grounds of IIAS, Inc.'s bankruptcy, there is also no basis to stay the litigation pending IIAS, LLC's motion to dismiss Count II.

## **CONCLUSION**

Defendant IIAS, LLC's motion for stay should be denied as it is made by the wrong party in the wrong forum.


Colleen M. McLaughlin
Law Offices of Colleen M. McLaughlin
1751 S. Naperville Rd., Ste. 209
Wheaton, IL 60189
603-221-0305
colleen@cmmc-employmentlaw.com

Quinton Osborne
Osborne Employment Law
1751 S. Naperville Rd. Ste. 209
Wheaton, IL 60189
quinton@osborneemploymentlaw.com

Respectfully Submitted
 */s/ Colleen McLaughlin*

One of Plaintiff's Attorneys