IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JILL OLMSTED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:18-cv-03095 |
| | ) |
| THE ILLINOIS INSTITUTE OF ART – | ) |
| SCHAUMBURG, INC., THE ILLINOIS | ) |
| INSTITUTE OF ART – SCHAUMBURG, LLC, | ) |
| EDUCATION MANAGEMENT LLC, and | ) |
| DREAM CENTER EDUCATION | ) |
| HOLDINGS, LLC, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT THE ILLINOIS INSTITUTE OF ART AT SCHAUMBURG, LLC'S
REPLY IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS**

Plaintiff Jill Olmstead's ("Plaintiff") Response to Defendant The Illinois Institute of Art at Schaumburg, LLC's ("IIAS, LLC") Motion to Stay Proceedings [D. 50] (the "Response") is misguided and legally deficient. In IIAS, LLC's Motion to Stay Proceedings and supporting memorandum (the "Motion"), IIAS, LLC requested that the Court enter a stay pursuant to either 11 U.S.C. § 362(a)(1) ("automatic stay" or "§ 362(a)(1)") or its inherent powers. In the Response, Plaintiff argues that the Court lacks authority to stay the proceedings under both § 362(a)(1) and its inherent powers. The Response is flawed in several respects. *First*, district courts have jurisdiction to decide whether the automatic stay should be extended to non-debtor defendants. *Second*, the Response fails to contest, let alone refute, IIAS, LLC's showing that both "unusual circumstances" exceptions exist in this case to fully support extending the bankruptcy stay to non-debtor IIAS, LLC. *Third*, the Response's assertion that this Court lacks inherent authority to stay matters on its docket, especially where doing so could prevent duplicative litigation, is unsupported

and contrary to the law. Consequently, the Response leaves unrebutted the key arguments and facts in favor of staying this matter.

> **I.      This Court Has Jurisdiction to Determine Whether the Automatic Stay Extends to IIAS, LLC.**

The Response's assertion that this Court lacks "authority" to decide whether the automatic stay extends to IIAS, LLC is contrary to the law. Numerous district courts across the country have held that "a district court retains jurisdiction independent of the bankruptcy court to determine whether a pending civil action is subject to an automatic stay." *Aerologistics Inv. Partners, LLC v. Cessna Aircraft Co.*, No. 5:10-CV-92, 2011 WL 3444149, at *2 (W.D.N.C. Aug. 8, 2011); *see also, Edwards v. McElliotts Trucking, LLC*, No. CV 3:16-1879, 2017 WL 5559921, at *1 (S.D.W. Va. Nov. 17, 2017) ("the district court retains jurisdiction independent of the bankruptcy court to determine whether a pending civil action is subject to the automatic stay."); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1107 (9th Cir.2005) ("District courts have "jurisdiction to decide whether the automatic stay applies to a proceeding pending before it…"); *Baechel v. Republic Storage Sys., LLC*, No. 5:16-CV-1403, 2018 WL 1243424, at *3 (N.D. Ohio Mar. 9, 2018) ("With due respect to the district courts that have reserved this determination for the bankruptcy court, the Court finds that such an approach cannot be reconciled with the existence of the district court's concurrent jurisdiction to consider whether a civil action before it is subject to the automatic stay under § 362(a)."); *Chicago Title Ins. Co. v. Lerner*, 435 B.R. 732, 735 (S.D. Fla. 2010) (district court employed the "unusual circumstances" analysis); *Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co., Inc.,* 2009 WL 2413664 at *3 (S.D. Ala. 2009) (district court granted an extension of the automatic stay to non-debtor defendants); *In re Philadelphia Newspapers, LLC*, 407 B.R. 606, 2009 WL 1911785, *6 (E.D.Pa. July 2, 2009) (same).

In fact, at least one bankruptcy court even deferred to a Northern District of Illinois Court to make the decision and enter a stay as to non-debtors. *Se*e *Trimec, Inc. v. Zale Corp.*, 150 B.R. 685, 687 (N.D. Ill. 1993). The Response attempts to discredit this decision on the basis that the bankruptcy court had recommended that the automatic stay be extended (*Resp.*, p. 7), however, this distinction actually supports the argument that district courts retain jurisdiction to decide whether the automatic stay applies to non-debtors. If the District Court in *Trimec* lacked authority to decide the issue, why would the Bankruptcy Court (who was in favor of extending the stay) not have ruled on the issue and, instead, allowed the District Court to make the decision? It is because district courts do have such jurisdiction.

Moreover, the cases cited by Plaintiff for the proposition that the bankruptcy court is the only proper venue to extend the bankruptcy stay beyond the debtor are not persuasive as they are insular and cite to the exact same inapplicable cases. *In re Richard B. Vance & Co.*, and *In re Lennington* are the two primary (and only Illinois federal) decisions relied upon in *B&B Golf Carts, Inc. v. GRC Golf Products, LLC*, No. 3:16-CV-1051-NJR-RJD, 2017 U.S. Dist. LEXIS 78201 (S.D. Ill. May 23, 2017); *Hamilton v. American Corrective Counseling Services*, No. 3:05-CV-434-RM, 2009 U.S. Dist. LEXIS 30753, at *4 (N.D. Ind. Apr. 8, 2009); and *Lee v. RCN Corp.*, No. 03 C 5866, 2004 U.S. Dist. LEXIS 18941, at *1 (N.D. Ill. Sept. 20, 2004). Resp., pp. 4-6. However, neither *In re Richard B. Vance & Co.*, nor *In re Lennington* actually stand for the proposition that a district court should not/cannot make determinations with respect to whether the automatic stay extends to non-debtor co-defendants.

In *In re Richard B. Vance & Co.*, at issue was a rule to show cause against the plaintiff for violating the automatic stay. 289 B.R. 692, 697 (Bankr. C.D. Ill. 2003). In *dicta*, the Court suggested that **plaintiff** should have filed a petition for relief from the automatic stay as to a non-

debtor co-defendant in the bankruptcy court. *Id.* at 698. However, whether a bankruptcy court can provide relief from the automatic stay has nothing to do with whether the district court has authority to determine if the automatic stay applies to non-debtors because jurisdiction over providing relief from an automatic stay is vested in the bankruptcy court by 11 U.S.C. § 362(d). *Edwards*, 2017 WL 5559921, at *1 ("while it is correct that the bankruptcy court is the exclusive forum to consider a motion for relief from the automatic stay, the district court retains jurisdiction independent of the bankruptcy court to determine whether a pending civil action is subject to the automatic stay."). Similarly, *In re Lennington*, involves a plaintiff's petition for relief from the automatic stay and does not even discuss the propriety or benefits of a district court versus a bankruptcy court deciding whether the automatic stay applies to non-debtors. 286 B.R. 672, 674 (Bankr. C.D. Ill. 2001). In sum, *Vance* and *In re Lennington*, stand for the proposition that if Plaintiff wants to seek relief from the automatic stay's application, she can do so before the bankruptcy court. These cases do not deprive this Court of jurisdiction to decide whether the automatic stay extends to IIAS, LLC.

Additionally, the reasoning underlying the Response's cases – that the bankruptcy court is in the best position to evaluate harm to the bankruptcy estate – is not persuasive in this case. First, the "harm" analysis is pertinent solely to the "irreparable harm" unusual circumstances exception. In contrast, the "identity of interest" unusual circumstances exception does not require a "harm" analysis. Instead, it requires a court to determine if a judgment against the non-debtor would amount to a judgment against the debtor. *Resp.*, p. 5. In evaluating this legal question, this Court is as equally capable as the bankruptcy court of analyzing the debtor defendants' indemnification obligations and *res judicata* principles. Second, in this particular case, evaluating "harm" in the "irreparable harm" exception is not particularly nuanced nor require any specialized judgment as

4

the Response, by not arguing otherwise, essentially concedes that allowing this case to proceed will harm the bankruptcy estate and/or effectively result in a judgment against the debtor defendants. Consequently, both legally and logically, this Court is fully authorized and well positioned to extend the stay to IIAS, LLC.

> II. **This Court Should Exercise Its Jurisdiction to Determine that the Automatic Stay Extends to IIAS, LLC.**

Having authority to determine that the automatic stay of § 362(a)(1) applies to IIAS, LLC, the Court should stay the proceedings against IIAS, LLC. The Motion clearly sets forth how both unusual circumstances exceptions apply in this case and the Response does not address the substance of those exceptions. In her Response, Plaintiff does not dispute or address the debtor defendants' indemnification obligations to IIAS, LLC, the *res judicata* effects of the judgment on the debtor defendants, and the debtor defendants' necessary involvement in the case. Indeed, the Response makes no argument that these facts do not satisfy the unusual circumstances exceptions. Consequently, Plaintiff has waived any arguments to the contrary. *See e.g. Woods v. Clay*, 2005 U.S. Dist. LEXIS 343 *48-49 (N.D. Ill. 2005) (where plaintiffs did not respond to defendants' argument, they waived any argument in opposition); *Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 237 (7th Cir. 1996) (failure to raise argument in response to motion results in waiver). Accordingly, it is undisputed that a stay is warranted in this case under both the "identity of interests" and "irreparable harm" unusual circumstances exceptions and this Court should stay this lawsuit against IIAS, LLC pursuant to § 362(a)(1).

> III. **This Court May Also Stay this Matter Pursuant to its Inherent Powers.**

The Response offers no support for its bold argument that § 362(a)(1) somehow strips this Court of its inherent power to control the disposition of the cases on its docket with economy and efficiency. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Plaintiff asserts, without reasoning

5

or citation, that because a bankruptcy court is well positioned to decide whether a debtor's bankruptcy estate will be harmed by a lawsuit, a district court cannot make decisions about how to control its own docket. *Resp.*, 7. Clearly, however, the Court, and not some bankruptcy court in Delaware, is in a better position to evaluate and determine the most efficient and judicially economical manner in which to dispose of Plaintiff's Complaint pending before it. *See e.g., Gulfmark Offshore, Inc.*, 2009 WL 2413664*3 ("Alternatively, even if the automatic stay were inapplicable here, this Court would stay this action as to the Individual Defendants pursuant to its inherent powers.").

Moreover, the Response ignores the three relevant factors courts are to consider when considering a stay: (1) judicial economy; (2) prejudice to the non-moving party; and (3) hardship to the moving party. *See Paul v. Aviva Life and Annuity Co.*, Case No. 09-cv-1038, 2009 WL 2244766, *2 (N.D. Ill. 2009) (the court should consider judicial economy, prejudice to the non-moving party, and hardship to the -moving party).

With respect to judicial economy and efficiency, the Responses fails to address the Motion's arguments that allowing Plaintiff's claims against IIAS, LLC to proceed would create duplicative litigation and discovery from multiple parties. If the matter is not stayed, there is the strong potential for duplicative litigation, including multiple trials and duplicative discovery. Plaintiff does not address the possibility of multiple trials and proceedings (either before this Court or between this Court and the bankruptcy court) and the potential for inconsistent verdicts or decisions. Rather, the Response's only argument that duplicative litigation would not occur is the allegation that IIAS, LLC has the "bulk of required" evidence in its possession. *Resp.*, pp. 7-8. Of course, this alleged fact is totally irrelevant to whether the Court or judicial system would be faced with multiple trials and proceedings.

6

With respect to hardship to IIAS, LLC, the Response does not dispute that, in the absence of a stay, IIAS, LLC may be deprived of critical documents/evidence to its defense against successor liability – the basis for liability as to IIAS, LLC – such as (1) whether the predecessor could have provided the relief sought before the sale; and (2) whether the predecessor could have provided relief after the sale. *Teed v. Thomas & Betts Power Solutions, LLC*, 711 F.3d 763, 765-66 (7th Cir. 2013) (outlining elements of successor liability). This result is fundamentally unfair as IIAS, LLC's liability is entirely derivative of IIAS, Inc.'s liability. Furthermore, proceeding with discovery as to IIAS, LLC, while the claims against the remaining defendants are stayed, will create substantial practical difficulties with the assertion of attorney-client privilege issues at depositions and obtaining discovery from the debtor defendants. Finally, allowing a portion of Plaintiff's wrongful termination lawsuit to proceed against a successor employer (which did not even exist until approximately a year <u>after</u> Plaintiff's employment ended and whose liability, if any, is solely derivative) while staying Plaintiff's lawsuit claims against her actual former employer makes little sense and is highly inefficient.

This prejudice to IIAS, LLC, combined with the risk of multiple proceedings and inconsistent verdicts, weigh heavily in favor of a stay of the entire case during the pendency of the automatic bankruptcy stay in place with respect to the debtor defendants. As such, this Court should enter an order staying all of Plaintiff's claims contained within the Complaint.

## **CONCLUSION**

For all the foregoing reasons, Defendant IIAS, LLC respectfully requests that the Court enter an order staying this matter in its entirety pending the resolution of EDMC and IIAS, Inc.'s bankruptcy petitions, and to grant such other relief as the Court deems just and appropriate under the circumstances.

7
FPDOCS 34423472.2

Dated: August 24, 2018					Respectfully submitted,

  By:	s/Kevin S. Simon
		Kevin S. Simon
		Scott C. Fanning
		**FISHER & PHILLIPS LLP**
		10 South Wacker Drive, Suite 3450
		Chicago, Illinois 60606
		(312) 346-8061 Phone
		(312) 346-3179 Facsimile
		ksimon@fisherphillips.com
		sfanning@fisherphillips.com

		*Attorneys for Defendant Illinois Institute of Art at Schaumburg, LLC*

# CERTIFICATE OF SERVICE

I certify that the foregoing Defendant IIAS, LLC's Reply In Support of its Motion to Stay was filed via the Court's ECF notification system on August 24, 2018, which will send electronic notice to all counsel of record.

Dated: August 24, 2018        Respectfully submitted,

By:    s/Kevin S. Simon
Kevin S. Simon
Scott C. Fanning
**FISHER & PHILLIPS LLP**
10 South Wacker Drive, Suite 3450
Chicago, Illinois 60606
(312) 346-8061 Phone
(312) 346-3179 Facsimile
ksimon@fisherphillips.com
sfanning@fisherphillips.com

*Attorneys for Defendant Illinois Institute of Art at Schaumburg, LLC*